# EXHIBIT "A"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CATHERINE REED, | ) | |
| Plaintiff, | ) ) ) | Case: 1:24-cv-01520-JEH |
| v. | ) ) ) | |
| AREA 52, INC. d/b/a PUB 52, | ) ) ) | |
| Defendant. | ) ) ) | Jury Trial Demanded |

### DECLARATION OF CATHERINE REED

Plaintiff, Catherine Reed, declares as follows:

1. I am a natural person, over 18 years of age.

2. I do not suffer from any mental disabilities.

3. I worked for Defendant as a bartender until my unlawful termination in or around late September 2024.

4. I met or exceeded Defendant's performance expectations during the entire duration of my employment.

5. I am a bisexual female and is a member of a protected class because of her sex and sexual orientation.

6. Since at least September 13, 2024 Defendant has subjected me to different terms and conditions of employment than others not within my protected class and I have been subjected to a hostile work environment on the basis of sex in violation of Title VII.

7. From the onset of my employment with Defendant, Larry (LNU, male), the owner

and my supervisor, made inappropriate and sexually suggestive remarks about my appearance.

8. Larry would comment on my outfits, saying things like, "Oh, look at your outfit! I love this, this is why you were hired," suggesting I only got the job due to sex appeal.

9. Larry would also make me perform "360's" in front of him so he could assess my appearance.

10. On several occasions, Larry would call over customers and ask them to admire me or my outfit, making me feel extremely uncomfortable.

11. On one instance, Larry tugged on the loose part of my shorts with his finger, and other times, he physically grabbed my waist without permission.

12. He would regularly move me out of the way by grabbing me by the waist with both hands instead of simply asking me to move.

13. Larry even tickled me, and when I expressed discomfort or disagreed with him, he would say I had a "bitchy attitude" and dismiss my feelings.

14. None of these acts of physical touch were consented to nor did they serve any legitimate business purpose.

15. My opposition to the nonconsensual sexual touch was protected activity.

16. During a staff meeting, Larry publicly humiliated me by telling me to "stop dressing like a slut" and "looking so slutty" because, in his words, I would make tips regardless.

17. In addition to his treatment of me, Larry also made inappropriate comments and engaged in inappropriate behavior toward other women in the workplace, which made me highly uncomfortable.

18. Claire, another female bartender, has been subjected to Larry's crude and sexually

explicit comments.

19. I witnessed Larry putting his mouth on her nipple and calling her "nipples."

20. This provides evidence for a systemic and pervasive environment of discrimination and harassment of females.

21. When I started working for Defendant, Larry told me he was going to "break [me] out of [my] shell" and take me out to get drunk to see my "wild side."

22. I declined this as unwelcome advances and harassment.

23. Larry also made derogatory comments about another female bartender, Jordan (LNU), saying that he wished he had hired me before her because he was "desperate" when Jordan applied for the position.

24. Larry said that if he had known that "[I] was going to come in here looking like that," he would have never hired Jordan.

25. Ultimately, he put Jordan back in the kitchen and said, "you're losing me business as a bartender, you look better as a cook."

26. On multiple occasions, Larry directed homophobic and sexist slurs in my presence on account of my sexual orientation, bisexual.

27. Furthermore, Larry regularly made offensive comments about the gender-neutral bathroom at work, calling it the "gay bathroom" or the "half and half bathroom," and would use homophobic slurs toward any employees that used it.

28. This environment created an unsafe and unprofessional atmosphere, where harassment and discrimination were tolerated, and any complaint or discomfort expressed was ignored or dismissed.

29. Larry also regularly yelled at me and disrespected me in front of customers.

30. In or around September 2024, Larry called me yelling and cursing about a minor issue involving the cash drawer, which I believed to be veiled frustration at me refusing his sexual advances.

31. I told Larry that there was a more respectful way to handle the situation, his behavior was affecting my mental health, and I was tired of the anger and disrespect he displayed toward me.

32. This opposition constituted protected activity.

33. After this, Larry took me off the schedule and revoked my access to the employee app.

34. Though Larry never formally communicated my termination, the loss of access to the app and being taken off the schedule has led me to reasonably believe I was terminated as I could no longer conduct any business for Defendant.

35. In sum, Larry created a work environment where I was constantly subjected to sexual harassment, discrimination based on my sex and sexual orientation, and offensive comments about gender, sexual orientation, and gender identity.

36. I was unlawfully terminated because of my sex (female), and sexual orientation (bisexual) in late September 2024.

37. I was retaliated against and my employment was ultimately terminated for opposing unlawful discrimination and for exercising my protected rights.

38. I reported the sexual harassment and/or sexual assault to Defendant.

39. I was targeted for termination because of my sex and sexual orientation and

reporting of illegal activity.

40. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

41. There is a basis for employer liability for the sexual harassment that I was subjected to.

42. I can show that I engaged in statutorily protected activity –a necessary component of her retaliation claim- because I lodged complaints directly to my manager about the harassment.

Pursuant to 28 U.S.C. §1746, I declare that the foregoing is true and correct to the best of my knowledge and belief.

Executed March 31, 2025.

*Catherine Reed*
_____
Catherine Reed